# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| PAUL C. THOMPSON, JR., )  | |
|     Plaintiff, ) | Case No. 7:19-cv-00393 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| LT. L. R. COLLINS, et al., ) | Chief United States District Judge |
|     Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Paul C. Thompson, Jr., a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 in May 2019. For the following reasons, the case will be dismissed without prejudice for failure to comply with prior orders.

## Background

By order entered August 6, 2020, United States Magistrate Judge Joel C. Hoppe severed Thompson's claims into three separate cases and directed Thompson to file an amended complaint in this action that is limited to certain claims and defendants. (ECF No. 38.) Thompson filed objections to that order, which were overruled by Senior United States District Judge Norman K. Moon on September 9, 2020. (ECF No. 50.) On September 18, 2020, the case was transferred to the undersigned. (ECF No. 56.)

On December 3, 2020, after receiving multiple extensions, Thompson filed a proposed amended complaint, along with a motion for leave to amend. (ECF Nos. 71 and 72.) By order entered May 21, 2021, Judge Hoppe denied the motion for leave to amend on the basis that the proposed amended complaint did not comply with prior orders. (ECF No. 92.) Rather than limiting the action to certain claims and defendants, Thompson attempted

to assert entirely new theories of recovery and sought to add multiple defendants. Judge Hoppe directed Thompson to file an amended complaint that conforms with the prior orders within sixty days and warned that the case may be dismissed in its entirety "if Thompson's complaint violates the court's directions regarding the contents of his claims and defendants." (Id.)

Thompson subsequently filed objections to that order. On November 3, 2021, the court overruled Thompson's objections and gave him a final opportunity to file a proposed amended complaint that complies with the limitations and directions set forth in prior orders. (ECF No. 106). The court expressly warned Thompson as follows:

> If Thompson does not timely file his amended complaint, or if the amended complaint does not comport with the limitations and directions set forth in prior orders, this case may be dismissed in its entirety.

(Id.) (emphasis added).

On November 19, 2021, the court received another amended complaint from Thompson. (ECF No. 107.) The proposed pleading is nearly identical to the one that was filed on December 3, 2020. It contains entirely new claims and purports to add at least ten new defendants. Thus, it plainly fails to comply with the limitations and directions set forth in prior orders.

## Discussion

"The Federal Rules of Civil Procedure recognize that courts must have authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Given the inherent judicial authority to make such

dismissals, a court may, in appropriate circumstances, enter such a dismissal sua sponte, even absent advance notice of the possibility of dismissal." Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019) (internal quotation marks and citation omitted). The propriety of an involuntary dismissal ultimately depends on the particular circumstances of the case. Ballard, 882 F.2d at 95.

Under the circumstances presented here, the court finds that dismissal is appropriate. By once again including additional claims and defendants in the proposed amended complaint, Thompson contravened explicit instructions from this court and the magistrate judge. See Attkisson, 924 F.3d at 625–27 (upholding the dismissal of the plaintiffs' claims where they "amended their complaint beyond the leave authorized" and renamed defendants in violation of prior orders). Moreover, Thompson was expressly warned on multiple occasions that failing to comply with the limitations and directions set forth in prior orders may result in the dismissal of the case in its entirety. Consequently, Thompson's repeated noncompliance warrants involuntary dismissal. See Ballard, 882 F.2d at 96 (finding that dismissal was the appropriate sanction where the pro se litigant disregarded a court order despite being warned that failure to comply would result in dismissal, and noting that "[a]ny other course would have placed the credibility of the court in doubt and invited abuse").

## Conclusion

For the reasons stated, this case will be dismissed without prejudice for failure to comply with prior orders. An appropriate order will be entered.

Entered: January 12, 2022

Michael F. Urbanski
Chief U.S. District Judge
2022.01.12 16:15:02
-05'00'

Michael F. Urbanski
Chief United States District Judge

4